Filed 12/11/13  P. v. Blackburn CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058951 |
| v. | (Super.Ct.No. FSB08063) |
| KEVIN EUGENE BLACKBURN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Eugene Blackburn appeals after the trial court denied his petition(s) to recall his sentence and for resentencing, pursuant to the Three Strikes Reform Act of 2012 (Proposition 36). We affirm.

FACTS AND PROCEDURAL HISTORY

In 1996, defendant was charged by an amended information with one count of petty theft, with a prior theft-related conviction (Pen. Code, § 666). The amended information also alleged that defendant had suffered three prior strike convictions (first degree residential robbery in 1989, assault with intent to commit rape in 1989, and first degree burglary in 1992), as well as two prior prison term enhancements. The jury found defendant guilty as charged, and found true all the prior conviction allegations (strikes and prison terms).

In May 1996, the trial court sentenced defendant as a third striker under the law as in effect at the time, to a term of 25 years to life for the current offense, plus two one-year enhancements for the prior prison terms, for a total of 27 years to life.

In November 2012, after passage of Proposition 36, defendant filed a petition under Penal Code section 1170.126 for recall of the sentence and for resentencing. He argued that his third strike offense (petty theft with a prior) was not a serious or violent felony, so that he should be eligible for resentencing under the reformed provisions of the "Three Strikes" law. The court denied defendant's petition, however, because one of his prior strike offenses was for assault with intent to commit rape, in violation of Penal Code section 220.

2

In March 2013, defendant filed a petition for writ of habeas corpus after the denial of his petition to recall the sentence. Defendant argued that his prior conviction for assault with intent to commit rape did not meet the definition of a disqualifying prior "sexually violent offense," pursuant to Penal Code section 667, subdivision (e)(2)(C)(iv)(I) and Welfare and Institutions Code section 6600, subdivision (b), because he did not suffer from a mental disorder, under Welfare and Institutions Code section 6600, subdivisions (a) and (c). The trial court treated the habeas corpus petition as a renewal of the petition to recall his sentence. The court denied the petition a second time.

Defendant filed a notice of appeal, specifying that the issue on appeal was the denial of resentencing under Proposition 36.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Appellate counsel has now filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case, but making no substantive arguments. Counsel has identified two interrelated issues that might be potential arguable issues: Was defendant previously convicted of the offense of assault with intent to commit rape, in violation of Penal Code section 220, and did such prior conviction constitute a disqualification from eligibility for resentencing under Proposition 36? Counsel has also requested this court to undertake a review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record, and we find no arguable issues.

Defendant maintained in his petition(s) below, that he should be eligible for recall of sentence and for resentencing under Penal Code section 1170.126. The trial court ruled that he was ineligible for resentencing. If the current offense is a serious or violent felony, an inmate already serving a three strikes sentence is not eligible for resentencing. Here, defendant's current offense was not a serious or violent felony. However, Proposition 36 also provides that a third striker may be ineligible for resentencing if one of the prior strikes was for a disqualifying felony. The trial court found that defendant's prior conviction for violation of Penal Code section 220 was a disqualifying felony; defendant disputed that finding.

Penal Code section 1170.126, implementing Proposition 36, provides in relevant part: "(e) An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. . . ."

Penal Code section 667, subdivision (e)(2)(C)(iv)(I) provides: "(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has

4

one or more prior serious and/or violent felony convictions:  [¶]  . . .  [¶]  [(2)]  (C)  If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following:  [¶]  . . .  [¶]  (iv)  The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:  [¶]  (I)  A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. . . ."

Welfare and Institutions Code section 6600, subdivision (b), in turn, provides: "(b)  'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a):  a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

5

Defendant was convicted of a violation of Penal Code section 220, with intent to commit rape (i.e., "with the intent to commit a violation of Section 261 . . . ." Welf. & Inst. Code, § 6600, subd. (b).). He therefore committed a "sexually violent offense" as defined in Welfare and Institutions Code section 6600, subdivision (b). Defendant's sole argument that this conviction did not constitute a "sexually violent offense" depends upon his contention that the remaining provisions of Welfare and Institutions Code section 6600 must also be applied, i.e., that a "sexually violent offense" as defined in Welfare and Institutions Code section 6600, subdivision (b), can only apply to a mentally disordered sex offender, as defined in Welfare and Institutions Code section 6600, subdivisions (a) and (c).

Penal Code section 667, subdivision (e)(2)(C)(iv)(I) does not, however, refer to a sex offender with a diagnosed mental disorder. Rather, it refers exclusively to a "'sexually violent offense' as defined in *subdivision (b)* of Section 6600 of the Welfare and Institutions Code." (Italics added.) It makes no reference to Welfare and Institutions Code section 6600, subdivision (a) or subdivision (c). There is no requirement in Welfare and Institutions Code section 6600, subdivision (b), that a "sexually violent offense" qualifies as such *only* if committed by a person with a diagnosed mental disorder leading to sexually violent behavior.

The trial court properly deemed defendant's prior conviction of Penal Code section 220 as a disqualifying prior strike offense.

6

<u>DISPOSITION</u>

The trial court properly denied defendant's petition(s) for recall of sentence and for resentencing under Proposition 36.  The rulings are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>McKINSTER</u>
J.

We concur:


<u>HOLLENHORST</u>
Acting P. J.


<u>KING</u>
J.

7